IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**

DETERDING V. DETERDING

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

BUCKLEY C. DETERDING, APPELLANT,
V.
TERESA A. DETERDING, APPELLEE.

Filed June 17, 2014.    No. A-13-892.

Appeal from the District Court for Lincoln County: JOHN P. MURPHY and RICHARD A. BIRCH, Judges. Reversed.

R. Bradley Dawson, of Lindemeier, Gillett & Dawson, for appellant.

Kim M. Seacrest, of Seacrest Law Office, P.C., L.L.O., for appellee.

PIRTLE and RIEDMANN, Judges.

PIRTLE, Judge.

## INTRODUCTION

Buckley C. Deterding appeals from a decree of dissolution entered by the district court for Lincoln County, specifically the award of alimony to Teresa A. Deterding and the amount and duration of the award. For the reasons that follow, we reverse.

## BACKGROUND

Buckley and Teresa were married on March 30, 1994, and it was the second marriage for both parties.

Buckley was employed by Union Pacific Railroad throughout the marriage. Teresa was employed by the North Platte school district as a teacher starting in 1997, and she continued to be employed through the remainder of the parties' marriage. Teresa testified that to increase her income, she would have to complete her master's degree. At the time of trial, she completed 9 of the 36 hours necessary to complete and receive the degree. There was no indication whether Teresa was continuing to work on her master's degree at the time of trial.

- 1 -

The parties filed joint income tax returns for the year 2007. Buckley's W-2 form shows earnings of $51,817.78 from his employment with Union Pacific Railroad, and an additional payment of $1,266.54 from the System Council No. 19, for a total of $53,084.32. Teresa's W-2 form for the same year shows income of $47,027.28. The parties filed joint income tax returns for the year 2008. Buckley's W-2 form shows earnings of $53,400.07, and Teresa's W-2 form shows earnings of $48,755.76 for the year 2008. Buckley earned $44,661.86 from January to August 2009, and Teresa's 2009 earnings were not made available.

The parties kept their finances separated throughout the marriage. Buckley and Teresa each paid certain bills, and they only had one joint secured obligation, the indebtedness for Teresa's 2007 Chevrolet Silverado. Teresa was awarded the vehicle and ordered to pay the debt, as its value was in excess of the debt remaining.

The parties do not jointly have any children. Buckley has two children from his previous marriage who are no longer minors. He paid $534 per month in child support throughout the marriage, an amount which remained the same regardless of whether it was for the support of one or two children. Teresa was artificially inseminated during the marriage and gave birth to a daughter in November 2003.

On January 20, 2009, Buckley filed a complaint for dissolution of the parties' marriage. Buckley indicated that Teresa gave birth to a child during the marriage, but that this child was not his biological child. Buckley sought "a decree of the Court determining that [the child] is not his child and that he owes no duty of support to said child."

On September 18, 2009, trial was held. Prior to the submission of evidence, Buckley's counsel informed the court that the primary issue to be resolved was whether alimony should be awarded to Teresa. During the trial, Teresa testified that Buckley was likely not the child's biological father and that, as a result, it was her understanding he did not have a legal obligation to support the child. She also indicated that she wished to move forward and support the child on her own.

Teresa testified about her monthly income and expenses. Her expenses totaled $3,956.90 per month, including $881.90 for health insurance covering herself and the child. Teresa testified that she was requesting alimony so that she would be able to afford to care for the child and provide her with health insurance. Teresa was entitled to a stipend from her employer of $500 per month to offset this cost, so the actual cost for insurance for Teresa and the child was $381.90.

In the decree of dissolution, the district court found that the child is not the minor child of Buckley and that "no support shall be ordered at this time." The court awarded Teresa $500 per month in alimony for a period of 84 months.

Buckley filed a motion for new trial, which was overruled by the trial court. Buckley appealed the order of alimony to this court. We found "the district court committed plain error in failing to award child support on behalf of the child without receiving any evidence surrounding her birth or her relationship with Buckley prior to the dissolution proceedings." *Deterding v. Deterding*, 18 Neb. App. 922, 797 N.W.2d 33 (2011). We remanded this cause for further proceedings, and declined to address Buckley's assertion regarding the alimony award. *Id.*

On remand, Teresa testified that the sperm donor was her ex-husband. Teresa testified that her ex-husband volunteered to donate his sperm and that he occasionally helps pay for

expenses on the child's behalf. Teresa stated that she inseminated herself without conferring with Buckley and that he did not consent to the artificial insemination. Teresa testified that she was the child's primary caregiver from birth and continued to be after the parties' separation. She stated that although Buckley had some interaction with the child, he did not have a parental relationship with her. Teresa testified that Buckley did not often feed, clothe, provide physical care for, or provide medical care for the child and that he did not spend any time alone with her. Teresa testified that Buckley did not have a legal obligation to support the child and that she intended to support the child on her own.

Buckley testified that he has not lived in the same home as Teresa since May 2009 and that he has been a resident of Colorado since July 2010. He testified that he was present at the time of the child's birth, because he thought he was her father. However, since that time, genetic testing proved that the child was not Buckley's biological child. He testified that during the marriage, the parties kept separate finances, and that he was never alone with the child. He stated that he never bathed or clothed the child and that although he changed her diaper once in a while, he did not do any nurturing. Other than paying for rent, insurance, and utilities, he did not contribute to any expenses incurred on the child's behalf. Buckley felt he had no bond or relationship with the child at any time in her life. He testified that he has had no contact with her since the parties separated.

The district court entered an order on September 18, 2013, determining: Buckley is not the biological father of the child; he did not know of or consent to any artificial insemination; he never stood in the role of a parent to the child; and no orders affecting the child's custody, visitation, or support should be entered in this action.

Buckley timely filed his notice of appeal in this action to address the award of alimony.

## ASSIGNMENTS OF ERROR

Buckley asserts the trial court abused its discretion in awarding alimony to Teresa in the amount of $500 per month for a period of 84 months.

## STANDARD OF REVIEW

In an action for the dissolution of marriage, an appellate court reviews de novo on the record the trial court's determinations of custody, child support, property division, alimony, and attorney fees; these determinations, however, are initially entrusted to the trial court's discretion and will normally be affirmed absent an abuse of that discretion. *Bussell v. Bussell*, 21 Neb. App. 280, 837 N.W.2d 840 (2013). A judicial abuse of discretion exists when the reasons or rulings of a trial judge are clearly untenable, unfairly depriving a litigant of a substantial right and denying just results in matters submitted for disposition. *Id.*

## ANALYSIS

In dividing property and considering alimony upon a dissolution of marriage, a court should consider four factors: (1) the circumstances of the parties, (2) the duration of the marriage, (3) the history of contributions to the marriage, and (4) the ability of the supporting party to engage in gainful employment without interfering with the interests of any minor

children in the custody of each party. *Jensen v. Jensen*, 20 Neb. App. 167, 820 N.W.2d 309 (2012).

In reviewing an alimony award, an appellate court does not determine whether it would have awarded the same amount of alimony as did the trial court, but whether the trial court's award is untenable such as to deprive a party of a substantial right or just result. *Bussell v. Bussell,* supra.

The purpose of alimony is to provide for the continued maintenance or support of one party by the other when the relative economic circumstances make it appropriate. *Smith v. Smith*, 20 Neb. App. 192, 823 N.W.2d 198 (2012). Upon our de novo review of the record, we find the relative economic circumstances of the parties did not make the award of alimony appropriate or reasonable in this case.

The parties were married over 15 years, and during the marriage, both parties contributed to the maintenance of the household--Teresa to the tasks occurring inside the home, and Buckley to the tasks occurring around the exterior of the home. The parties kept their finances separated and divided their expenses. The record suggests that Teresa helped to care for Buckley's children from a previous marriage when they were at the home while Buckley paid for the rent, utilities, and insurance for the household. These expenses also benefited the child from her birth in 2003, though it was determined she was not Buckley's biological child.

Both parties were employed, and though there was a disparity in their income, it was not a substantial one. The record shows that Buckley held the same position at Union Pacific Railroad for the duration of the parties' marriage and that Teresa became employed as a teacher in 1997 and continued in that role for the remainder of the marriage. She increased her earnings in that position over time.

The record shows Teresa had completed a portion of a master's degree with the goal of earning more income from her position as a teacher. At the time of trial, she had not completed the program and, though it is unclear whether she was actively in pursuit of the degree, there is no evidence that her duties at home interfered with the furtherance of her education.

We find the parties were on relatively equal footing at the end of their marriage. Neither party claimed a superior obligation or duty when it came to their children. Neither party claimed they had suffered an interruption of their educational or career opportunities due to the marriage or children. Neither party claimed that any child would interfere with their ability to continue to work and earn the same as they had during the marriage. Buckley's children were over or near the age of majority at the time of dissolution. Teresa's child, born in 2003, was not near the age of majority, but she was not Buckley's biological child and the parties, as well as the district court, have been clear that Buckley is not financially responsible for the child's care or expenses.

Teresa claimed that her expenses equaled or exceeded her income. Her expenses included a calculation for health insurance covering herself and the child. The amount she claimed was $881.90, though her testimony was that she receives $500 per month from her employer as a stipend for insurance. At trial, Teresa stated the reason that she requested alimony was to "make up the $400 or so to get some health insurance for my daughter and me." Teresa also claimed expenses that included expenses for the child, including school lunches, supplies, clothing, school pictures, dance lessons, and piano lessons.

In the decree of dissolution, the district court for Lincoln County stated Buckley "should pay alimony for the benefit of [Teresa] in the amount of $500 per month commencing February 1, 2010 and due and payable on the first day of each month thereafter for a period of 84 months."

Alimony should not be used to equalize the incomes of the parties or to punish one of the parties. *Smith v. Smith*, 20 Neb. App. 192, 823 N.W.2d 198 (2012). After deducting the alimony award, Buckley's income becomes less than Teresa's income, and there is nothing in the record to support this outcome, as Teresa did not demonstrate a legitimate financial need for support.

In determining whether alimony should be awarded, in what amount, and over what period of time, the ultimate criterion is reasonableness. *Smith v. Smith*, 20 Neb. App. 192, 823 N.W.2d 198 (2012). We find the award of alimony in this case has unfairly deprived Buckley of a just result and, therefore, was an abuse of discretion.

Having determined that an award of alimony was not justified, we need not consider Buckley's other assignments of error regarding the duration and amount of the award. See *Hill v. Hill*, 20 Neb. App. 528, 827 N.W.2d 304 (2013) (appellate court is not obligated to engage in analysis that is not necessary to adjudicate case and controversy before it).

CONCLUSION

We find that under the circumstances of this case, the award of alimony was an abuse of discretion.

REVERSED.

IRWIN, Judge, participating on briefs.